IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CIV. NO. 14-00299 JMS-KSC |
|---|---|---|
| Plaintiff, | ) ) | ORDER: (1) ADOPTING FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, DOC. NO. 25; AND (2) DENYING MOTION FOR ENTRY OF DEFAULT, DOC. NO. 27 |
| vs. | ) ) | |
| JOHN M. McHUGH, SECRETARY OF THE ARMY, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER: (1) ADOPTING FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, DOC. NO. 25; AND (2) DENYING MOTION FOR ENTRY OF DEFAULT, DOC. NO. 27

Liberally construed, before the court are pro se Plaintiff Patrick Takeuchi's ("Plaintiff") (1) Objections to Magistrate Judge Kevin S.C. Chang's January 26, 2015 Findings and Recommendation to Deny Plaintiff's Motion for Default Judgment ("F&R"), and (2) Motion for Entry of Default. Doc. No. 27. Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing. For the reasons set forth below, the court ADOPTS the F&R and DENIES the Motion for Entry of Default.

Plaintiff filed his Complaint against John M. McHugh, Secretary of the Army ("Defendant") on July 2, 2014, Doc. No. 1, and filed an Amended

Complaint on October 31, 2014. Doc. No. 12. On January 23, 2015, Plaintiff filed a Motion for Default Judgment contending that Defendant had failed to respond to the Amended Complaint. Doc. No. 24. That same day, however, Defendant filed an Answer, Doc. No. 23, and Defendant's counsel appeared for a Rule 16 Scheduling Conference. *See* Doc. No. 22, Minutes. Prior to filing his Motion for Default Judgment, Plaintiff had not requested entry of default, and default had not been entered. *See* Doc. No. 25, F&R at 2.

Federal Rule of Civil Procedure 55(a) provides "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." And entry of default judgment pursuant to "Rule 55[(b)] requires a 'two-step process,' consisting of: (1) seeking the clerk's entry of default, and (2) filing a motion for entry of default judgment." *Hofelich v. Lacy*, 2014 WL 2115219, at *1 (D. Haw. Mar. 25, 2014) (citing *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986), and *Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009)).

Plaintiff objects to the F&R's recommendation to deny default judgment and seeks entry of default based on Defendant's failure to file an Answer within sixty (60) days after service of the Amended Complaint. Doc. No. 27 at 1

(citing Federal Rule Civil Procedure 12(a)(2)). Plaintiff's objection is without merit.

In recommending that the Motion for Default Judgment be denied, Magistrate Judge Chang explained that "Plaintiff's request for default judgment is premature, insofar as an entry of default must precede a motion for default judgment." Doc. No. 25, F&R at 2 (emphasis omitted). Magistrate Judge Chang further noted that even if Plaintiff were to request entry of default, it would be improper because Defendant had filed an Answer. *Id.* at 2 n.1. The court agrees.

Because default has not been entered against Defendant, Plaintiff may not obtain default judgment. Accordingly, Plaintiff's objections are DENIED and the court ADOPTS the Findings and Recommendation to Deny Plaintiff's Motion for Default Judgment. Furthermore, because Defendant filed an Answer and is

///

///

///

///

///

///

///

currently defending Plaintiff's claims, entry of default would be improper.

Accordingly, Plaintiff's Motion for Entry of Default is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 12, 2015.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Takeuchi v. McHugh*, Civ. No. 14-00299 JMS-KSC, Order: (1) Adopting Findings and Recommendation to Deny Plaintiff's Motion for Default Judgment, Doc. No. 25; and (2) Denying Motion for Entry of Default, Doc. No. 27